UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-241-HLA-PDB

MAURICE SANDERS  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Maurice Sanders is a 30-year-old inmate incarcerated at Jesup FCI, serving a prison term of 72 months and one day for possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 55, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on November 9, 2022. Defendant seeks compassionate release because of the Covid-19 pandemic and

because he claims to be obese. (Doc. 58, Motion for Compassionate Release). Defendant also states that he has served the majority of his sentence, that he has not received any disciplinary infractions, and that he has a release plan. (Id. at 5–6). The United States filed a response in opposition. (Doc. 60, Response).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently

justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated "extraordinary and compelling" reasons warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 & cmt. 1. Defendant seeks compassionate release because of the Covid-19 pandemic and because he is obese. According to Defendant, he is six feet, seven inches tall and weighs 282.2 pounds (Doc. 58 at 7), which implies a body mass index (BMI) of 31.8.[1] According to the Centers for Disease Control (CDC), obesity can increase the risk of severe illness from Covid-19[2], and the association between obesity and severe illness is supported by strong evidence.[3] That said, obesity itself is not an extraordinary condition. The CDC reports that as of 2017–2018, 42.4% of American adults were obese.[4] And with a BMI of 31.8, Defendant is only mildly obese, considering that a BMI of 30 marks the threshold for Class I obesity.[5] In addition, Defendant is only 30 years old and otherwise in good health. He is currently "classified as a medical

---

[1]     https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm.

[2]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]     https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

[4]     https://www.cdc.gov/obesity/data/adult.html

[5]     https://www.cdc.gov/obesity/adult/defining.html.

3

care level 1 [inmate] with no medical restrictions." (Doc. 60-1 at 8). As such, the Court concludes that Defendant has not demonstrated extraordinary and compelling reasons for compassionate release.[6]

Moreover, the BOP is in the process of implementing its Covid-19 vaccination program. Although there is no indication Defendant has been offered the Covid-19 vaccine, more than 50% of all inmates at Jesup FCI have been fully inoculated, in addition to 102 staff members.[7] As more inmates become vaccinated against Covid-19, the more the inmate population will be protected from coronavirus. It is only a matter of time before Defendant is offered the Covid-19 vaccine, and the Court hopes he will take advantage of that opportunity when it arrives.

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). The instant firearm and drug offenses are themselves serious. And prior to the instant offenses, Defendant accumulated 13 prior convictions, including for burglary, fleeing or

---

[6] The Court recognizes that several circuit courts have concluded that U.S.S.G. § 1B1.13 is not an applicable policy statement for defendant-initiated motions for compassionate release, and therefore does not bind district courts. See, e.g., United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021) (collecting cases). The Eleventh Circuit Court of Appeals has not yet ruled on this issue, though the matter is pending in several cases. The Court's decision does not depend on the resolution of this issue because it would reach the same conclusion even if it has discretion not to follow § 1B1.13 and its commentary.

[7] https://www.bop.gov/coronavirus/. Last accessed May 3, 2021. According to the BOP, 675 inmates at Jesup FCI have been fully inoculated, representing 52% of the facility's 1,293 inmates.

attempting to elude a police officer, possession of cocaine, and possession of a firearm by a convicted felon. (Doc. 51, PSR at ¶¶ 28-40). Defendant has served approximately 44 months of his 72-month-and-a-day prison sentence, dating from his arrest on September 21, 2017. (See id. at ECF p. 1). In light of Defendant's young age and prior record, reducing Defendant's sentence would fail to promote respect for the law or afford adequate deterrence. The Court commends Defendant for making efforts toward rehabilitation and planning for life after he is released. However, in view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 58) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of May, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

5